IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| W. ROGER OTEY,<br><br>**Plaintiff,**<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, d/b/a<br>MR. COOPER,<br><br>**Defendant.** | Case Nos.: 2:24-cv-04041-MDH |

## ORDER

Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 6). For reasons herein, Defendant's Motion is **GRANTED** in **PART** and **DENIED** in **PART**.

## BACKGROUND

Plaintiff W. Roger Otey, a Missouri resident, brings this action against Nationstar Mortgage, LLC ("Nationstar"), a Delaware limited liability company, arising out of an alleged failure of Nationstar to provide Plaintiff with insurance proceeds after his property was damaged by lightning. Additionally, Plaintiff claims his payments have been misapplied and that he has been charged fees which are not authorized under the terms of the Deed of Trust.

The Complaint alleges Plaintiff received a loan to purchase property located at 306 Buchanan Street, Jefferson City, Missouri ("Property"). The loan was evidenced by a Promissory Note ("Note") which was secured by a Deed of Trust on the Property. Plaintiff maintained property insurance pursuant to the Deed of Trust. Defendant Nationstar acquired the rights to collect under the Note and Deed of Trust. The Property subsequently was damaged by a lightning storm resulting in a hole in the roof of the Property. The property insurer approved and sent two claim checks to

Defendant totaling $10,115.83 payable to "Nationstar Mortgage LLC, for the account of W. Roger Otey" for the damage to the roof. Plaintiff alleges that Defendant deposited those checks but did not apply the insurance checks to Plaintiff's mortgage or to Plaintiff to make repairs as required by the Deed of Trust. Plaintiff allegedly did not receive any of the insurance proceeds until three years after the checks were sent. Because of the delay, Plaintiff alleges he was unable to fix the hole in his roof, which allowed water to infiltrate the property further damaging it. Plaintiff asked for an accounting on his loan from Defendant and was supplied with one. However, Plaintiff alleges that his payments have been misapplied and were charged fees not authorized under the terms of the Deed of Trust.

Plaintiff's Complaint alleges three counts. One count of breach of contract, one count for petition of an equitable accounting, and one count for punitive damages.

**STANDARD**

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

Defendant makes three arguments in support of its motion: 1) Plaintiff's claim for breach of contract should be dismissed as Nationstar did not breach any terms of the Note or Deed of Trust; 2) Plaintiff's claim for accounting should be dismissed as accounting is not available in a simple mortgage context; and 3) Plaintiff's claim for punitive damages should be dismissed as Plaintiff has failed to plausibly plead any facts to suggest that Nationstar's conduct was willful. The Court will address each argument in turn.

**I. Plaintiff's Claim for Breach of Contract is Sufficient to Proceed**

Defendant argues that Plaintiff fails to name a specific term of the contract that would obligate Nationstar to turn over insurance proceeds to Plaintiff with no questions asked. Defendant states it was entitled to ensure that the insurance proceeds would in fact be used for the restoration or repair of the Property and had no obligation to simply turn over the funds to Plaintiff upon Plaintiff's request, especially where Plaintiff was not current on payments and facing potential foreclosure.

To bring a cause of action for breach of contract, a plaintiff must allege: (1) the existence and terms of a contract between plaintiff and defendant, (2) that plaintiff performed or tendered performance pursuant to the contract, (3) that defendant breached the contract, and (4) that plaintiff suffered damages due to the breach. *Affordable Communities of Missouri v. Fed. Nat. Mortgage Ass'n*, 714 F.3d 1069, 1075 (8th Cir. 2013) (citing *Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010)). In a case involving a contract, the court may examine the contract documents in

deciding a motion to dismiss. *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003). The relevant portion of the Deed of Trust states:

> Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to the borrower.

Deed of Trust, page 3.

Taking the allegations as true in the Complaint, Plaintiff satisfies the elements of a breach of contract claim. Plaintiff alleges that "Defendant acquired the rights to collect under the Note and Deed of Trust (Complaint ¶ 8) creating a contract between Plaintiff and Defendant. The insurer approved the insurance claims and sent two claim checks to Defendant totaling $10,115.83 (Complaint ¶ 12), showing that Plaintiff maintained property insurance and said insurance paid out. "Upon information and belief, Defendant deposited the claims checks, yet did not either apply remainer of the insurance checks to Plaintiff's mortgage sum due, or provide insurance proceeds to Plaintiff to make repairs, nor did Plaintiff receive any interest on the funds held by Defendant for almost three years" (Complaint ¶ 15) alleging Defendant breached the provision noted above in the Deed of Trust. "Due to the inability of Plaintiff to make repairs to the roof of his home, water was allowed to infiltrate the subject property, thereby further damaging the residence and causing a need for repairs of greater than $48,000" (Complaint ¶ 17) showing Plaintiff suffered damages due to the breach. The allegations in the Complaint, raise a right to relief above the speculative level. For these reasons, Defendant's Motion to Dismiss on count one is **DENIED**.

**II. Plaintiff's Claim is Dismissed for Failing to Plead Facts that Would Necessitate an Accounting**

Defendant argues that their relationship with Plaintiff was nothing more than an ordinary lender-borrower relationship which is insufficient to establish the requisite fiduciary relationship to support an equitable action for an accounting. Defendant states it already turned over an accounting to which Plaintiff has not alleged any specific errors. Lastly, Defendant argues that this account is not complicated, and the amounts owed can be made certain by simple calculations.

To establish a right to an equitable accounting, a party must show a need for discovery, complicated accounts, a fiduciary or trust relationship between the parties, and lack of an adequate legal remedy. *Eckel v. Eckel*, 540 S.W.3d 476, 488 (Mo. Ct. App. 2018) (citing *Gerken v. Sherman*, 276 S.W.3d 844, 855 (Mo. App. W.D. 2009). Of these, the existence of a fiduciary relationship is the most critical element to support the exercise of equitable jurisdiction. *American Button Co. v. Weishaar*, 170 S.W.2d 147, 152 (Mo.App.1943).

Here, Plaintiff's Complaint states he received an accounting from Defendant when he asked to be supplied with one. (Complaint ¶ 31). Having already been supplied with an accounting shows little need for additional discovery. Plaintiff has not pleaded any allegations that would suggest a mortgage on a single property would raise to the level of complexity that would warrant an equitable accounting. Plaintiff also fails to allege that his relationship with Defendants was a fiduciary relationship. The relationship between borrower and lender is a debtor-creditor, not a fiduciary relationship. *Schultz v. Bank of Am. Merrill Lynch Credit Corp.*, 645 S.W.3d 689, 700 (Mo. Ct. App. 2022). Finally, Plaintiff alleges that "no valid relief or option available to him other than demanding a formal accounting by the Court to interpret the terms of the Deed of Trust and apply the payments of Plaintiff over time to the balance due". (Complaint ¶ 33). Plaintiff's breach of contact claim is an appropriate avenue to raise a remedy regarding misapplication of payment

or fees not within the terms of the Deed of Trust. For these reasons, Defendant's Motion to Dismiss on count two is **GRANTED**.

### III. Plaintiff's Claim for Punitive Damages is Dismissed for Failing to Plead an Independent and Willful Tort

Defendant argues that punitive damages are not a separate cause of action and under Missouri law, punitive damages are not recoverable for breach of contact. Defendant states that even if punitive damages could be recovered, Plaintiff has failed to plausibly plead facts to suggest that the requisite standard has been met.

There is no independent cause of action for punitive damages under either federal or Missouri law; punitive damages are a type of recovery available in some instances but not others. *Jackson v. Wiersema Charter Serv., Inc.*, No. 4:08CV00027 JCH, 2009 WL 1310064, at *3 (E.D. Mo. May 11, 2009). The general rule is punitive damages are not recoverable for breach of contract. *Stamps v. Sw. Bell Tel.*, 667 S.W.2d 12, 13–14 (Mo. Ct. App. 1984) (citing *Williams v. Kansas City Public Service Company,* 294 S.W.2d 36, 40 (Mo.1956)). An exception to the general rule allows punitive damages to be recovered when plaintiff alleges and proves an independent and willful tort founded on the breach of contract. *Id*. Punitive damages shall not be awarded unless the claimant proves by clear and convincing evidence that the defendant intentionally harmed the plaintiff without just cause or acted with a deliberate and flagrant disregard for the safety of others. Mo. Rev. Stat. § 510.261.1

Since there is no independent cause of action for punitive damages, Plaintiff must prove an independent and willful tort founded on the breach of contract action. Here, Plaintiff alleges that Defendant has created additional fees and penalties to charge Plaintiff with an intent and purpose

to steal money from Plaintiff, and to foreclose upon and to be able to seize his property. (Complaint ¶ 36). This allegation does not pertain to the breach of contract claim alleged in count one of the Complaint. Plaintiff therefore fails to plead an independent and willful tort founded on the breach of contract action. For these reasons, Defendant's Motion to Dismiss count three is **GRANTED WITHOUT PREJUDICE**. Plaintiff has 14 days from this Order to file an amended complaint to raise any cause of action that would warrant an award of punitive damages.

## CONCLUSION

For the reasons set forth herein, Defendants motion to dismiss for failure to state a claim is **GRANTED** in **PART** and **DENIED** in **PART**.

**IT IS SO ORDERED.**
Dated: October 7, 2024

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**United States District Judge**