IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| W. ROGER OTEY, <br><br>**Plaintiff,** <br><br> v. <br><br> NATIONSTAR MORTGAGE, LLC, d/b/a MR. COOPER, <br><br>**Defendant.** | Case Nos.: 2:24-cv-04041-MDH |

## ORDER

Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 21). The motion being fully briefed is now ripe for adjudication on the merits. For reasons herein, Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

Plaintiff W. Roger Otey, a Missouri resident, brings this action against Nationstar Mortgage, LLC ("Nationstar"), a Delaware limited liability company, arising out of an alleged failure of Nationstar to provide Plaintiff with insurance proceeds after his property was damaged by lightning. Additionally, Plaintiff claims his payments have been misapplied and that he has been charged fees which are not authorized under the terms of the Deed of Trust.

The Amended Complaint alleges Plaintiff received a loan to purchase property located at 306 Buchanan Street, Jefferson City, Missouri ("Property"). The loan was evidenced by a Promissory Note ("Note") which was secured by a Deed of Trust on the Property. Plaintiff maintained property insurance pursuant to the Deed of Trust. Defendant Nationstar acquired the rights to collect under the Note and Deed of Trust. The Property subsequently was damaged by a

1

lightning storm resulting in a hole in the roof of the Property. The property insurer approved and sent two claim checks to Defendant totaling $10,115.83 payable to "Nationstar Mortgage LLC, for the account of W. Roger Otey" for the damage to the roof. Plaintiff alleges that Defendant deposited those checks but did not apply the insurance checks to Plaintiff's mortgage or to Plaintiff to make repairs as required by the Deed of Trust. Plaintiff allegedly did not receive any of the insurance proceeds until three years after the checks were sent. Because of the delay, Plaintiff alleges he was unable to fix the hole in his roof, which allowed water to infiltrate the property further damaging it. Plaintiff asked for an accounting on his loan from Defendant and was supplied with one. However, Plaintiff alleges that his payments have been misapplied and were charged fees not authorized under the terms of the Deed of Trust.

Plaintiff's Amended Complaint alleges three counts: Count I – Breach of Contract; Count II – Petition to Determine Amount Due; and Count III – Punitive Damages for Breach of Contract. Defendant argues that Count I should be dismissed because the Amended Complaint fails to put Defendant on notice of which late charges are at issue; the other alleged breaches are allowed under the terms of the contract or by law; and Plaintiff failed to plausibly allege his own performance under the contract. Defendant argues Count II should be dismissed because it is simply a request for a judicial accounting which this Court had denied it is prior order. Lastly, Defendant contends Plaintiff's Count III should be dismissed for failing to plead any facts to suggest that Defendant's conduct was willful. The Court will take each issue in turn.

## STANDARD

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations

2

contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

### I. Count I – Breach of Contract

Defendant argues three points as to why the Court should dismiss Plaintiff's Breach of Contract Claim. First, Defendants argue that Plaintiff's Amended Complaint fails to put Defendant on notice of which late charges are at issue. Second, the other alleged breaches are allowed under the terms of the contract or are otherwise required by law. Third, Plaintiff failed to plausibly allege his own performance under the contract. Plaintiff argues that the petition alleges facts that would show a breach of contract.

#### a. Notice of Which Late Charges Are at Issue

Defendant argues that even though Plaintiff has been provided with the loan's payment history, Plaintiff fails to identify any of the purported "multiple occasions" Defendant charged late fees. Defendant argues that the Amended complaint is too vague and ambiguous for Defendant to

3

Case 2:24-cv-04041-MDH    Document 31    Filed 03/20/25    Page 3 of 11

be put on notice of the claims against it. Plaintiff argues that his Amended Complaint makes note of the applicable regulations, late fees, and non-case fees.

Federal Rule of Civil Procedure 8 outlines the general rules of pleading. A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8(a)(1)-(3). Federal Rule of Civil Procedure 12 governs defense and objections. "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e).

Here, Plaintiff's Amended Complaint stated "[p]ursuant to the terms of the Promissory Note, Defendant could only charge a one-time late fee for payments not made by the sixteenth day of a given month." (Complaint ¶ 28). "Defendant, on multiple occasions, charged Defendant late fees for payments received prior to the 16th of a given month, and charged multiple late fees on individual payments." (Complaint ¶ 29). The Promissory Note as attached to the Amended Complaint states:

> (A) Late Charge for Overdue Payments
>
> If the Note Holder has not received the full amount of any monthly payment by the end of fifteen calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 4% of my overdue payment. I will pay this late charge promptly but only once on each late payment.

(Doc. 20-1, page 1). Taking Plaintiff's allegations as true for the purpose of a motion to dismiss, Plaintiff has raised a right to relief above a speculative level. Plaintiff has demonstrated that Plaintiff and Defendant have made a contract that would charge a late payment by the end of the fifteenth calendar day and that a late charge would only apply once to each late payment. Plaintiff

4

alleges that he was assessed late payments charges when the payment was received before the sixteenth of the month and multiple late fees on an individual payment. Further, the Amended Complaint is not so vague or ambiguous which would require a more detailed pleading. For the reasons stated, Defendant's Motion to Dismiss as to the breach of contract claim regarding late payments is **DENIED**.

    b. **Other Alleged Breaches**

Defendant argues that Plaintiff fails to allege facts establishing that any term of the contract was breached. Specifically, Defendant argues that it was allowed to place partial payment into a suspense account and were allowed to charge Plaintiff other fees and charges as defined within the Deed of Trust.

The Promissory Note specifies the borrowers right to prepay. "The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note." (Doc. 20-1, page 1). The Deed of Trust further defines the application of payments. "[A]ll payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due' and last, to any late charges due under the note." (Doc. 20, page 4).

Plaintiff's Amended Complaint alleges:

> Pursuant to the terms of the Promissory Note, Plaintiff was entitled to make prepayments and partial payments, with such payments being applied to the amounts due under the Note to reduce the amount principle owed. Defendant undertook the process, without contractual permission, and despite the language contained in the foregoing paraph hereof, to place all partial and prepayments into a suspense account to be held and not applied until such time as they had received the amount of an entire monthly payment.

(Complaint ¶¶ 30-31). Taking Plaintiff's allegations as true for the purposes of a motion to dismiss, Plaintiff has raised the right to relief above a speculative level. The Promissory Note defines the

5

borrowers right regarding partial prepayment the coincides with Plaintiff's Amended Complaint. Regarding partial payment, the Deed of Trust states "all payment" encompassing even partial repayment and how Defendant was to apply the payments. As such, Plaintiff's Amended Complaint sufficiently raises a right to relief above a speculative level. For the reasons stated, Defendant's Motion to Dismiss Plaintiff's Breach of Contract Claim regarding Suspense Payments is **DENIED**.

The Deed of Trust has a provision detailing the protection of lender's rights in the property. It reads in relevant part:

> If Borrower fails to perform the covenants and agreements contained this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property … then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property.
>
> Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest form the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

(Doc. 20-1, page 5).

Here Plaintiff's Amended Complaint alleges "[w]ithout authority to do so under the terms of any contract, Defendant charged plaintiff fees for items such as Property Inspections, Appraisals, Broker Price Options, Lender Paid Expense Disbursements, and Non-cash fee adjustments." (Complaint ¶ 33). Based upon the Deed of Trust, Plaintiff has raised a right to relief above a speculative level. Defendant was authorized to "do and pay for whatever is necessary to protect the value of the Property and the Lender's rights in the Property." (Doc. 20-1, page 5). Plaintiff implicitly alleges that the fees alleged are not "necessary" and thus do not fall within the applicable provision contemplated in paragraph 7 of the Deed of Trust. At this stage of the litigation this is sufficient to survive a motion to dismiss. Defendants may still succeed on dismissing the

6

claim at a later stage so long as they can show the fees complained of where necessary as stated in paragraph 7 of the Deed of Trust. For the reasons stated, Defendant's Motion to Dismiss Plaintiff's Breach of Contract claim as it relates to items such as Property Inspections, Appraisals, Broker Price Options, Lender Paid Expense Disbursements, and Non-cash fee adjustments is **DENIED**.

c. **Plaintiff's Performance Under the Contract**

Defendant argues that Plaintiff's Amended Complaint fails to plead his own performance under the contract. Specifically, Plaintiff failed to perform under the contract by failing to maintain monthly payments; and failing to maintain hazard insurance.

To bring a cause of action for breach of contract, a plaintiff must allege: (1) the existence and terms of a contract between plaintiff and defendant, (2) that plaintiff performed or tendered performance pursuant to the contract, (3) that defendant breached the contract, and (4) that plaintiff suffered damages due to the breach. *Affordable Communities of Missouri v. Fed. Nat. Mortgage Ass'n*, 714 F.3d 1069, 1075 (8th Cir. 2013) (citing *Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010)). The Deed of Trust maintains the responsibilities of the parties as related to hazard and property insurance. It states in relevant part "If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7." (Doc. 20-1, page 5).

Here, Defendant has failed to show that Plaintiff had defaulted on the contract before Defendant. Neither Plaintiff's Amended Complaint nor Defendant has provided any indication of when Plaintiff defaulted on his payments. Depending on the time of default, Plaintiff may have been in compliance with the Promissory Note and Deed of Trust when Defendant allegedly breach the contract. For the purposes of a motion to dismiss the Court must draw all reasonable inferences

in favor of the non-moving party. Thus, Defendant has failed to show that Plaintiff was in noncompliance with the contract before the alleged breach of contract. Further, even though Defendant had not provided hazard insurance of his own, that was not grounds for default within the terms of the Deed of Trust. The Deed of Trust specifically states that if Borrower fails to maintain coverage, Lender may obtain coverage at the Borrower's expense, which is what Defendant did. For the reasons stated, Defendant's Motion to Dismiss Plaintiff's Breach of Contract Claim with respect to Plaintiff's Performance on the Contract is **DENIED**.

## II. Count II – Petition to Determine Amounts Due

Defendant argues that Plaintiff's Amended Complaint brings the same substantive claim as the original claim for an equitable accounting, which the Court dismissed in its prior order. Further, Defendant contends that a petition to determine amounts due is not a recognized cause of action under Missouri law. Plaintiff concedes this claim may be essentially identical to the prior count asking for a equitable accounting, but insists the need for this determination is essential to the damages portion of Plaintiff's Petition based on allegations that Defendant's accounting is flawed.

Defendant is correct, there is not a recognized cause of action relating to a petition to determine amounts due. The closest cause of action would be an equitable accounting. As previously discussed by this Court in Doc. 19, to establish a right to an equitable accounting, a party must show a need for discovery, complicated accounts, a fiduciary or trust relationship between the parties, and lack of an adequate legal remedy. *Eckel v. Eckel*, 540 S.W.3d 476, 488 (Mo. Ct. App. 2018) (citing *Gerken v. Sherman*, 276 S.W.3d 844, 855 (Mo. App. W.D. 2009). Of these, the existence of a fiduciary relationship is the most critical element to support the exercise of equitable jurisdiction. *American Button Co. v. Weishaar*, 170 S.W.2d 147, 152 (Mo.App.1943).

Here, Plaintiff has not pleaded any allegations that would suggest a mortgage on a single property would raise to the level of complexity that would warrant an equitable accounting. Plaintiff also fails to allege that his relationship with Defendants was a fiduciary relationship. The relationship between borrower and lender is a debtor-creditor, not a fiduciary relationship. *Schultz v. Bank of Am. Merrill Lynch Credit Corp.*, 645 S.W.3d 689, 700 (Mo. Ct. App. 2022). Plaintiff likewise fails to allege a lack of an adequate legal remedy. Plaintiff's breach of contact claim is an appropriate avenue to raise a remedy regarding misapplication of payment or fees not within the terms of the Deed of Trust. For these reasons, Defendant's Motion to Dismiss on Count II – Petition to Determine Amounts Due is **GRANTED**.

### III. Count III – Punitive Damages for Breach

Defendant argues that Plaintiff's Amended Complaint fails to prove an independent and willful tort founded on the breach of contract claim. Defendant asserts that Plaintiff alleges, in conclusory fashion, that Defendant's actions were "willful, wanton, and intentional." (Complaint ¶ 46). Plaintiff argues that the Amended Complaint sets forth sufficient allegations to preserve the claim, and to allow discovery and evidence on the issue.

There is no independent cause of action for punitive damages under either federal or Missouri law; punitive damages are a type of recovery available in some instances but not others. *Jackson v. Wiersema Charter Serv., Inc.*, No. 4:08CV00027 JCH, 2009 WL 1310064, at *3 (E.D. Mo. May 11, 2009). The general rule is punitive damages are not recoverable for breach of contract. *Stamps v. Sw. Bell Tel.*, 667 S.W.2d 12, 13–14 (Mo. Ct. App. 1984) (citing *Williams v. Kansas City Public Service Company,* 294 S.W.2d 36, 40 (Mo.1956)). An exception to the general rule allows punitive damages to be recovered when plaintiff alleges and proves an independent and willful tort founded on the breach of contract. *Id*. Punitive damages shall not be awarded unless

9

the claimant proves by clear and convincing evidence that the defendant intentionally harmed the plaintiff without just cause or acted with a deliberate and flagrant disregard for the safety of others. Mo. Rev. Stat. § 510.261.1

Here, Plaintiff alleges that Defendant has created additional fees and penalties to charge Plaintiff with an intent and purpose to steal money from Plaintiff, and to foreclose upon and be able to seize his property. (Complaint ¶ 45). Further Plaintiff Amended Complaint alleges "Defendants actions were willful, wanton, and intentional in refusing to turn over the insurance payments to Plaintiff in a timely manner." (Complaint ¶ 46). As already discussed above, Plaintiff's allegations that Property Inspections, Appraisals, Broker Price Options, Lender Paid Expense Disbursements, and Non-cash fee adjustments were not a breach of the contract are consistent with the provisions of the Deed of Trust and therefore have been dismissed. However, taking as true Plaintiff's allegations for the purposes of a motion to dismiss, Plaintiff has raised their right to relief above a speculative level. Whether Plaintiff may ultimately prevail or even be allowed to submit a claim for punitive damages, may be addressed at a later state go the litigation. However, for the purposes of ruling on the motion to dismiss the Court finds Plaintiff's allegations plead enough to remain. For these reasons, Defendant's Motion to Dismiss Count III is **DENIED.**

**CONCLUSION**

For the reasons set forth herein, Defendant's Motion to Dismiss for Failure to State a Claim is **GRANTED IN PART** and **DENIED IN PART**. Defendant's Motion to Dismiss Count I – Breach of Contract is **DENIED**. Defendant's Motion to Dismiss Count II – Petition to Determining Amounts Due is **GRANTED**. Defendant's Motion to Dismiss Count III – Punitive Damages for Breach is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 20, 2025                                                     */s/ Douglas Harpool*
                                                                                                  **DOUGLAS HARPOOL**
                                                                                                  **United States District Judge**