IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| W. ROGER OTEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:24-cv-04041-MDH |
| | ) |
| NATIONSTAR MORTGAGE LLC, d/b/a MR. COOPER, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion for Summary Judgment. (Doc. 29). Defendant has filed suggestions in support (Doc. 30) and Plaintiff has failed to file suggestions in opposition. The motion is now ripe for adjudication on the merits. For the reasons stated herein, Defendants' Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

Plaintiff W. Roger Otey, a Missouri resident, brings this action against Nationstar Mortgage, LLC ("Nationstar"), a Delaware limited liability company, arising out of an alleged failure of Nationstar to provide Plaintiff with insurance proceeds after Plaintiff's property was damaged by a falling tree. Additionally, Plaintiff claims his payments have been misapplied and that he has been charged fees which are not authorized under the terms of the Deed of Trust.

The Amended Complaint alleges Plaintiff received a loan to purchase property located at 306 Buchanan Street, Jefferson City, Missouri ("Property"). The loan was evidenced by a Promissory Note ("Note") which was secured by a Deed of Trust on the Property. Defendant

1

maintained property insurance. Defendant Nationstar acquired the rights to collect under the Note and Deed of Trust. The Property subsequently was damaged by a tree resulting in a hole in the roof of the Property. The property insurer approved and sent two claim checks to Defendant totaling $10,115.83 payable to "Nationstar Mortgage LLC, for the account of W. Roger Otey" for the damage to the roof. Plaintiff alleges that Defendant deposited those checks but did not apply the insurance checks to Plaintiff's mortgage or to Plaintiff to make repairs as required by the Deed of Trust. Plaintiff allegedly did not receive any of the insurance proceeds until three years after the checks were sent. Because of the delay, Plaintiff alleges he was unable to fix the hole in his roof, which allowed water to infiltrate the property further damaging it.

Plaintiff's Amended Complaint alleges three counts: Count I – Breach of Contract; Count II – Petition to Determine Amount Due; and Count III – Punitive Damages for Breach of Contract. The Court on March 20, 2025, granted in part and denied in part Defendant's Motion to Dismiss for Failure to State a Claim dismissing Count II – Petition to Determine Amount Due. Defendant now brings his Motion for Summary Judgment arguing that summary judgment should be entered in its favor on Count I because Plaintiff cannot prove: (1) that he has performed his own obligations under the contract; (2) that Defendant has breached any term of the contract; or (3) that Plaintiff suffered any damages caused by Defendant's purported breach. Defendant also argues that summary judgment should be entered in its favor on Count I as Plaintiff's purported claims for breach of contract based upon late fees resulting from the fact that he was approximately a month behind on his mortgage payments are barred by the statute of limitations. Lastly, Defendant argues that summary judgment should be entered in its favor on Count III as Plaintiff's claim for punitive damages fails. The court will take each argument in turn.

**STANDARD**

Summary judgment is proper where, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1359 (8th Cir. 1993). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). To satisfy this burden, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## ANALYSIS

First, the Court must resolve an issue with the statement of uncontroverted facts. Plaintiff has failed to admit or controvert each separately numbered paragraph in the movant's statement of facts as mandated by Local Rule 56(b)(1) by failing to file suggestions in opposition. Local Rule 56(b)(1) states:

> A party opposing a motion for summary judgment must begin its opposing suggestions by admitting or controverting each separately numbered paragraph in the movant's statement of facts. If the opposing party controverts a given fact, it must properly support its denial in accordance with Fed. R. Civ. P. 56(c). Unless specifically controverted by the opposing party, all facts set forth in the statement of the movant are deemed admitted for the purpose of summary judgment.

Local Rule 56(b)(1). As Plaintiff has not specifically controverted any of the facts set forth in the statement of uncontroverted facts by Defendant, they will be deemed admitted for the purpose of summary judgment.

I.   **Breach of Contract**

Defendant argues that summary judgment should be entered on Count I – Breach of Contract because Plaintiff cannot prove: (1) that he has performed his own obligations under the contract; (2) that Defendant has breached any term of the contract; or (3) that Plaintiff suffered any damages caused by Defendant's purported breach. Defendant also argues that summary judgment should also be entered on Count I as Plaintiff's purported claims for breach of contract based upon late fees resulting from the fact that he was approximately a month behind on his mortgage payments are barred by the statute of limitations.

To bring a cause of action for breach of contract, a plaintiff must allege: (1) the existence and terms of a contract between plaintiff and defendant, (2) that plaintiff performed or tendered performance pursuant to the contract, (3) that defendant breached the contract, and (4) that plaintiff suffered damages due to the breach. *Affordable Communities of Missouri v. Fed. Nat. Mortgage Ass'n*, 714 F.3d 1069, 1075 (8th Cir. 2013) (citing *Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010)).

   A.   **Plaintiff's Performance Under the Contract**

Defendant first argues Plaintiff has not performed his own obligations under the contract. Specifically, Defendant argues that Plaintiff has failed to secure his own hazard insurance in accordance with the terms of the Deed of Trust, failed to make timely payments, and failed to comply with the monitored claim process. (Doc. 30, page 9).

4

The Statement of Unconverted Facts states that "[d]ue to Plaintiff's failure to secure his own hazard insurance in accordance with the terms of the Deed of Trust, for the time period from July 3, 2018, through July 3, 2019, the Property was insured by a lender-placed hazard insurance policy, which named Nationstar as the named insured." (Doc. 30, page 3, ¶ 10). "Plaintiff has been approximately one (or more) behind on his monthly payments since Nationstar began servicing [the mortgage]." (Doc. 30, page 2, ¶ 4). The Statement of Unconverted Facts further states:

> Due to the Claim's status as a monitored claim, Nationstar was required to follow specific GSE [(Government Sponsored Enterprises)] procedures, which required inspections in phases as the work was completed. Insurance funds would be turned over upon the completion of each phase of the work to ensure that the funds would only be used for appropriate purposes. Plaintiff was required to endorse the check and send it to Nationstar so that the funds could be held in a "restricted escrow" or "hazard loss suspense" account for eventual disbursement upon completion of each applicable phase of work pursuant to the monitored claim. Plaintiff never endorsed the check or sent it back to Nationstar. Additional documentation (such as the contractor's waiver of lien, contractor's license, contractor's W9, attestation to repair the property and indemnify, signed contract or proposal, etc.) was also required from Plaintiff. On multiple occasions, Nationstar left voicemails or sent Plaintiff a packet with required documentation needed to proceed with the Claim, but Plaintiff failed to return the required documentation so that funds could be released upon an inspection showing that the work had been completed.

(Doc. 30, pages 4–5, ¶¶ 14, 16–19).

Here, viewing the evidence in the light most favorable to Plaintiff, there are no genuine issues of material fact and Defendant is entitled to judgment as a matter of law. As shown by the Statement of Unconverted Facts, Plaintiff was perpetually behind on his payments regarding his mortgage. The Deed of Trust specifically states that "Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note." (Doc. 20-1, page 4, ¶ 1). Plaintiff further failed to endorse the insurance check made to both Plaintiff and Defendant pursuant to GSE procedures. Nor did Plaintiff submit additional documentation needed to proceed on the insurance claim to fix his roof. This was in

5

contravention to the Deed of Trust which states "If Borrower fails to perform the covenants and agreements contained in this Security Instrument […] then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property." (Doc. 20-1, page 5. ¶ 7). The Deed of Trust also explicitly states "Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property." *Id.* at ¶ 6. As such, Plaintiff has not performed his own obligations to the contract. For the reasons stated, Defendant's Motion for Summary Judgment on Count I – Breach of Contract is **GRANTED**.

### B. Other Arguments

As the Court finds summary judgment for Defendant on Count I – Breach of Contract based on a Plaintiff's failure to perform or tender performance on the contract, the Court will decline to examine Defendant's other arguments regarding Count I.

## II. Punitive Damages

Plaintiff next argues that summary judgment should be entered in favor of Defendant on Count III – Punitive Damages as Plaintiff's claim for punitive damages fails as there have been no facts revealed through discovery to suggest an independent and willful tort committed by Defendant.

There is no independent cause of action for punitive damages under either federal or Missouri law; punitive damages are a type of recovery available in some instances but not others. *Jackson v. Wiersema Charter Serv., Inc.*, No. 4:08CV00027 JCH, 2009 WL 1310064, at *3 (E.D. Mo. May 11, 2009). The general rule is punitive damages are not recoverable for breach of contract. *Stamps v. Sw. Bell Tel.*, 667 S.W.2d 12, 13–14 (Mo. Ct. App. 1984) (citing *Williams v. Kansas City Public Service Company,* 294 S.W.2d 36, 40 (Mo.1956)). An exception to the general

rule allows punitive damages to be recovered when plaintiff alleges and proves an independent and willful tort founded on the breach of contract. *Id*. Punitive damages shall not be awarded unless the claimant proves by clear and convincing evidence that the defendant intentionally harmed the plaintiff without just cause or acted with a deliberate and flagrant disregard for the safety of others. Mo. Rev. Stat. § 510.261.1

The Court having found summary judgment for Defendant on Count I – Breach of Contract, the Court additionally finds that Plaintiff has failed to demonstrate an independent or willful tort arising from Plaintiff's breach of contract claim. For the reasons stated, Defendant's Motion for Summary Judgment on Count III – Punitive Damages is **GRANTED**.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED**. Summary Judgment is hereby entered in favor of Defendant.

**IT IS SO ORDERED**.

DATED: June 18, 2025

>*/s/ Douglas Harpool*
>**DOUGLAS HARPOOL**
>**UNITED STATES DISTRICT JUDGE**